## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Stephen A. Dulaney

August 21, 1990

Case No. (Law) 98291

By JUDGE JACK B. STEVENS

The Court has had this matter under advisement upon the defendant's Motion to Dismiss the Rule to Show Cause why he should not be found to be an Habitual Offender.

The defendant's Motion is based upon the contention that the predicate offenses relied upon by the Commonwealth are insufficient since they fail to properly name a predicate offense required by § 46.2-351, Code of Virginia (1950) as amended, or even to make reference to the code sections of a required predicate offense. The defendant's position is that there are no such crimes as are set forth in the certification and transcript and therefore they cannot be proper predicate offenses. The defendant further relies upon *Commonwealth v. Dooley,* a prior holding of this Court which he reads to support his position.

The certification of the defendant's motor vehicle record by the Commissioner of Motor Vehicles states that he has one conviction of "Driving While Intoxicated-ASAP" and two convictions of "Driving While Intoxicated." Attached to the Certification is a transcript of the defendant's driving record showing the dates of the offenses, the

dates of the convictions, the Court involved, the disposition of the offense, and the offenses named as above.

First, this Court's holding in *Dooley*, relied upon by the defendant, is not as broad as read by the defendant. *Dooley* simply holds that there was nothing in the transcript to support the conclusion that Dooley's alleged predicate offense of "Drive on suspended O.L." was a *valid* predicate offense for purposes of the Habitual Offender proceeding.

Second, in the case at bar, the Court is not aware of any DWI offenses in Virginia that do not qualify as predicate offenses under § 46.2-351, Code of Virginia (1950) as amended. Any reference to a Code section would thus be superfluous.

Third, § 46.2-352, Code of Virginia (1950) as amended, provides, in pertinent part that:

> The transcript or abstract shall be prima facie evidence that the person named therein was duly convicted . . . by the court wherein the conviction or holding was made, of each offense shown by the transcript or abstract. If the person denies any of the facts as stated therein, he shall have the burden of proving that the fact is untrue.

No evidence having been submitted by the defendant, the Court must deny the Motion to Dismiss and declare the defendant an Habitual Offender.